## GEORGE L. MEYERS FT AL. v. S. MAGLARIS

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE No. 37408

Memorandum filed March 28, 1947.

*Nelson Harris,* of New Haven, for the Plaintiffs.

*John A. Cooney,* of New Haven, for the Defendant.

FITZGERALD, J. Plaintiffs, engaged in business as partners, seek to hold defendant personally liable on a promissory note, in the amount of $585.95, which is dated July 12, 1946. The question presented is whether defendant is liable personally on the note. Defendant signed the note in the manner and form as follows: "Ideal Cheese Corp." and under this designation "S. Maglaris." A so-called conditional sale contract was executed simultaneously with the note and is found to be part of the same transaction. It is there stated that "truck tires, tubes and wheels" were purchased and acknowledged by "purchaser." Defendant signed this instrument in the manner and form as follows: "Ideal Cheese Corp." by "S. Maglaris, Pres." The affidavit therein is of similar effect and purport.

At the time the aforesaid instruments were signed, defendant was the president of the Ideal Cheese Corporation, a Connecticut corporation, and the owner of a few shares of its stock. It is found that the purchase made (with the exception of a radio which has been returned and which would form no part of calculation in the event of a plaintiffs' judgment) were solely for the benefit of the corporation. That defendant as president had authority to sign notes and legal instruments for the corporation was a conceded fact at the trial.

The decision is controlled by General Statutes, § 4337, which reads: "Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability"; and by the construction of the statute, considered in great detail in *Austin, Nichols & Co., Inc.* v. *Gross*, 98 Conn. 782.

On the entire evidence the court concludes that the case falls within class 1 of the cases referred to in *Austin, Nichols & Co., Inc.*, supra, 786: "Where one adds to his signature to a negotiable instrument words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized." Note comment of the court (p. 791) respecting the case of *Belmont Dairy Co.* v. *Thrasher*, 124 Md. 320, on basic facts parallel to those in the case at bar in so far as the manner and form of the execution of the note is concerned, and its conclusion that the case falls within class 1 notwithstanding a different result obtained in the Maryland court. Yet the case at bar appears to be an even stronger one from the standpoint of defendant's exoneration of personal liability in view of the form and manner of the execution of the conditional sale contract, which was part of the same transaction and intended to be in the nature of a security.

Further discussion would add nothing of value. It is sufficient to say that plaintiffs' claim that defendant is liable personally on the note is overruled; and defendant's claim that he is not personolly liable thereon is sustained.

The issues having been found for defendant, judgment may enter for defendant to recover his costs.